**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**


**CARL R. BROWN,**

         **Petitioner,**

  **v.**                          **CIVIL ACTION NO. 3:17-CV-100
(GROH)**

**JENNIFER SAAD, WARDEN,**

         **Respondent.**


## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On August 21, 2017, the *pro se* Petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241.  ECF No. 1.[1]  The Petitioner is currently a federal inmate housed at FCI Gilmer, however, the incidents complained of in the Petition occurred at FCC Yazoo City, in Yazoo City, Mississippi.  Petitioner is challenging the results of a disciplinary action during his confinement at FCC Yazoo City following his conviction in the United States District Court for the Eastern District of Missouri (E.D.Mo.) case number 4:12-CR-4.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Part 2.

---

[1]  ECF Numbers cited herein refer to case number 3:17-CV-100 unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A.    Petitioner's Underlying Conviction[2]

On January 12, 2012, a grand jury indicted Petitioner and charged him with conspiracy to distribute and possession with the intent to distribute heroin in Count 1 and possession of a firearm during a drug trafficking crime in Counts 3 and 4.   ECF Nos. 20, 21.   On February 23, 2012, a superseding indictment was issued which charged Petitioner with the same offenses.   ECF Nos. 88, 89.   On June 21, 2012, a plea agreement was filed with the Court, and the Petitioner entered his guilty pleas to Counts 1 and 3 of the superseding indictment.   ECF Nos. 164, 232.   On September 21, 2012, the court sentenced Petitioner to a term of imprisonment of 60 months for Count 1 and to 60 months for Count 3, which terms were to be served consecutively to one another, for an effective sentence of 120 months.   ECF No. 232.   Petitioner filed an appeal with the Court of Appeals for the Eighth Circuit, but later moved to dismiss the appeal, which motion was granted on November 2, 2012.   ECF No. 274.

On August 4, 2016, Petitioner filed a petition for a writ of mandamus with the Court of Appeals for the Eighth Circuit, in that court's case number 16-3271.   ECF No. 314.   The petition for a writ of mandamus was denied on August 8, 2016.   ECF No. 315.   On January 19, 2018, Petitioner filed a document titled, "Extraordinary Writ – Pursuant to Rule 21(a) Due Process Violation", which was construed as a motion to vacate pursuant to 28 U.S.C. § 2255 which remains pending.   ECF No. 327.

---

[2]  In this section, II.A., all ECF numbers referred to are for case number 4:12-CR-4 from the Eastern District of Missouri.

2

**B.      The Instant Habeas Corpus Proceeding Filed under 28 U.S.C. § 2241**

On August 21, 2017, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner's sole ground for relief is that he suffered a violation of his due process rights based on the conduct and decision of the Discipline Hearing Officer ("DHO") concerning an Incident Report he received. ECF No. 1 at 5.  Petitioner seeks to have 27 days of Good Conduct Time ("GCT") restore and the DHO's determination vacated and expunged.  ECF No. 1 at 8.

The Incident Report which charged Petitioner and the resulting DHO hearing were based on a September 6, 2016, brawl between a number of inmates playing a basketball game in the prison Rec-yard gymnasium.  ECF Nos. 1-1 at 10; 15-1 at 22. After one inmate struck another inmate who was officiating the basketball game, a number of inmates began fighting.  Id.  Petitioner was identified as one of the fighting inmates via the Vicon Surveillance system.  Id.

On September 8, 2016[3], at 11:58 a.m., Petitioner was charged in Incident Report Number 2893657 with "[a]ssaulting any person", on September 6, 2016, at 6:45 p.m. ECF Nos. 1-1 at 15, 15-1 at 13.  The Incident Report charged Petitioner with a violation of Code 224, which provides it is to be "used when less serious physical injury or contact has been attempted or accomplished by an inmate."  Id.  A written copy of the Incident Report notice of charge was provided to Petitioner on September 8, 2016 at 7:15 p.m.  ECF Nos. 1-1 at 9, 15-1 at 21.

---

[3]   The Incident Report states that it, "was delayed due to inmate being trans seg [sic] from the Medium to USP SHU.  SIS review of cameras and identification took longer than the normal 24 hours." ECF No. 15-1 at 14, ¶ 25.

3

The DHO hearing was held on September 26, 2016 at 9:36 a.m.  Id.  According to the DHO report, Petitioner, "admitted guilt to Fighting with Another Person, Code 201" at the hearing.  Id.  Further, "When asked if he wanted to make any further comment, he stated 'I admit to fighting.' "  Id., see also ECF No. 1-1 at 10.   In addition to Petitioner's admissions, the DHO report further states that, "SIS Technician R. Dean was clear . . . that on September 8, 2016 at approximately 0800 hours, a review of the video surveillance revealed [Petitioner] among other inmates, striking each other in the facial and lower body areas on September 6, 2016."  ECF No. 1-1 at 10.

The DHO report found that Petitioner's conviction for a violation of Code 201 had a high offense severity level, and imposed a sanction of disallowance of 27 days of good conduct time.  ECF Nos. 1-1 at 11, 15-1 at 23.

Petitioner attempted to file two administrative remedies with the Bureau of Prisons, first to the Mid-Atlantic Regional Office, in Remedy No. 881202-R1, and second to the Central Office in Remedy No. 881202-A1.  The first appeal was rejected as untimely, the second was rejected as illegible.  Petitioner did not refile his appeal.  ECF No. 15-1 at 2 – 3.  Petitioner contends that he attempted to timely file his first appeal, but that prison mail officials prevented him from doing so.  ECF No. 1-1 at 1.

Regardless of the timeliness[4] of his appeal to the Bureau of Prisons regional office, in that appeal Petitioner asserted that at the hearing he admitted that, "I attempted to swing at another inmate but did not assault him (no physical conta[c]t) thus

---

[4]  Because the Court finds the petition warrants dismissal without relief to Petitioner, it is unnecessary to address the timeliness of Petitioner's attempts to obtain administrative remedies.

the charging of a 224 violation, which is what [I] plead guilty to."  ECF No. 1-1 at 8.
Petitioner further stated that he, "ultimately plead[ed] guilty to the 224 violation I was
given notice for/of."  ECF Nos. 1-1 at 7, 16-1 at 8.  In that regional appeal, Petitioner did
not deny that he was fighting with another inmate.  Instead, Petitioner argued that
despite his attempts to fight with another inmate, he was improperly convicted of a
violation of Code 201 for fighting, because he never received an Incident Report notice
of charge for a Code 201 violation.  In his regional appeal Petitioner argued that
because he received an Incident Report notice of charge for a Code 224 violation for
"assaulting any person", he was improperly convicted of a Code 201 violation for
fighting.

In his § 2241 Petition, Petitioner further claims his due process rights were
violated because FCC Yazoo City staff violated internal policies when processing
Petitioner's incident report and his placement immediately following the September 6,
2016 fight.   ECF Nos. 1 at 5, 1-1 at 2.  Petitioner alleges that after the fight, he was
taken to the Special Housing Unit ("SHU") where he was temporarily held for a total of
10 hours before staff determined there was insufficient space for Petitioner to be
admitted to the SHU, whereupon he was returned to his housing unit.  Id.   More
specifically Petitioner complains that for five hours he was held in a "cage" without his
shoes or a belt, and an additional five hours in the Receiving and Discharge ("R&D")
department.  ECF No. 1-1 at 2.

Petitioner further complains that he did not receive the Administrative Detention
Order ("ADO") report within 24 hours of the writing of the incident report, and that he did
not receive a Segregation Review Order ("SRO") review while held in the SHU.  Id.

5

## III. STANDARD OF REVIEW

### A.     Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.     Pro Se Litigants.

Courts must read <i>pro se</i> allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards that formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in <u>Neitzke</u> recognized that:

> <u>Section 1915(d)</u> is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of

> the threat of sanctions for bringing vexatious suits under <u>Federal Rule of Civil Procedure 11</u>. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.   Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method to challenge a due process violation as part of a prison disciplinary hearing.  <u>Burgess v. Dunbar</u>, 628 Fed. Appx. 175 (4th Cir. 2015).   An inmate who is subject to a disciplinary conviction which results in a loss of good-conduct credit is:

> entitled to the following for the minimum requirements of procedural due process to be satisfied: (1) written notice of the claimed violation at least 24 hours prior to the disciplinary hearing; (2) a written statement by the adjudicator as to the evidence relied upon and the reasons for the disciplinary action; and (3) the right to call witnesses and present evidence, when doing so would not be "unduly hazardous to institutional safety or correctional goals."

<u>Burgess</u>, 628 Fed. Appx. at 176, <u>quoting</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974).

### D.   Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.  The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,

7

555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley</u>, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 - 1 (1972) (per curiam); <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007).  Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face."  <u>Id.</u> at 555, 570.  In <u>Twombly</u>, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  <u>Id.</u> at 570.  Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation.  <u>Id.</u> at 678.  "[D]etermining whether a

8

complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E.    Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."

9

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id.  The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).  Such evidence must consist of facts which are material, meaning that they create fair doubt rather than

encourage mere speculation.  <u>Anderson</u>, <u>supra</u>, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." <u>Matsushita</u>, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  <u>Id.</u> citing <u>First Ntl. Bank of Ariz. v. Cities Service Co</u>., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968).  See <u>Miller v. Fed. Deposit Ins. Corp</u>., 906 F.2d 972, 974 (4th Cir. 1990).  Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate.  <u>Matsushita, supra</u>, at 587-88. <u>Anderson</u>, <u>supra</u>, at 248-49.

## IV. ANALYSIS

Petitioner seeks relief pursuant to 28 U.S.C. § 2241 arguing that his due process rights were violated by the DHO, and resulted in an improper disallowance of 27 days of good conduct time.  Petitioner asserts that he was not given proper notice of the charges against him, and asserts that his conditions of confinement violated his constitutional rights.

### A.    Petitioner Received Proper Notice of the Charges Against Him

BOP inmate discipline is governed by 28 C.F.R. § 541.1 *et seq.*   Pursuant to those provisions, prohibited acts "are divided into four separate categories based on severity: Greatest; High; Moderate; and Low."  28 C.F.R. § 541.3(a).  According to Table 1 of 28 C.F.R. § 541.3, "Fighting with another person", a violation of section 201,

11

and "Assaulting any person (a charge at this level is used when less serious physical injury or contact has been attempted or accomplished by an inmate)," a violation of section 224, are both high severity level prohibited acts.  Table 1 lists fourteen available sanctions for high severity level prohibited acts, including section B.1. which permits a DHO to "[d]isallow ordinarily between 25% and 50% (14-27 days) of good conduct time credit available for a year (a good conduct time sanction may not be suspended)." However, because Petitioner's United States Code offense was committed after April 26, 1996, he is considered a Prison Litigation Reform Act inmate, who, pursuant to 28 C.F.R. § 541.4(b)(2) was subject to "lose at least 27 days" of good conduct time for each high severity level offense committed.

Pursuant to 28 C.F.R. § 541.5:

> The discipline process starts when staff witness or reasonably believe that you committed a prohibited act. A staff member will issue you an incident report describing the incident and the prohibited act(s) you are charged with committing. You will ordinarily receive the incident report within 24 hours of staff becoming aware of your involvement in the incident.

Thereafter a Unit Discipline Committee (UDC) "will review the incident report once the staff investigation is complete" and determine if:

> (1) [the inmate] committed the prohibited act(s) charged, and/or a similar prohibited act(s) as described in the incident report;
> (2) [the inmate] did not commit the prohibited act(s) charged; or
> (3) The incident report will be referred to the Discipline Hearing Officer (DHO) for further review, based on the seriousness of the prohibited act(s) charged.
> (4) If [the inmate is] charged with a Greatest or High severity prohibited act, or [is] an inmate covered by § 541.4, the UDC

12

> will automatically refer the incident report to the DHO for
> further review.

28 C.F.R. § 541.7(a).  Because Petitioner was charged with a high severity act, it was

referred to the DHO for further review, as required by 28 C.F.R. § 541.7(a)(4).

Pursuant to the requirements of 28 C.F.R. § 541.8, the DHO was required to

conduct a hearing and make one of three permissible decisions that:

> (1) [The inmate] committed the prohibited act(s) charged,
> and/or a similar prohibited act(s) as described in the incident
> report;
> (2) [The inmate] did not commit the prohibited act(s)
> charged; or
> (3) The incident report will be referred back for further
> investigation, review, and disposition.

28 C.F.R. § 541.8(a).  The DHO determined, consistent with 28 C.F.R. § 541.8(a)(1)

that Petitioner committed the prohibited act charged or a similar prohibited act as

described in the incident report.

The incident report filed against Petitioner charged him with "[a]ssaulting any

person" on September 6, 2016, during "a fight" that occurred between a number of

inmates, including Petitioner who "was observed striking another inmate in the upper

and lower torso with a closed fist."  ECF Nos. 1-1 at 15, 15-1 at 13.  The DHO report

documents that Petitioner stated that, "I admit to fighting."  ECF Nos. 1-1 at 9, 10, 15-1

at 21, 22.   Accordingly, pursuant to 28 C.F.R. § 541.8(a)(1), the DHO properly

determined that Petitioner committed an act described in the incident report or an act

similar to the act charged therein.

Petitioner was charged with the high severity level offense of assault on any

person which occurred during a fight on September 6, 2016.  During his discipline

13

hearing Petitioner admitted to fighting on September 6, 2016.  Fighting, like assault on any person, is also a high severity level offense, and both offenses are subject to the same penalties.   Moreover, fighting, the act which Petitioner admitted to and was convicted of committing, was described in the Incident Report which initially charged him with assault.

Following his determination that Petitioner committed the offense of fighting, in compliance with 28 C.F.R. § 541.8(h), the DHO prepared a written report and provided a copy of the DHO's decision to Petitioner.  Pursuant to 28 C.F.R. § 541.8(h), the DHO's written report must document the following:

> (1) Whether [the inmate was] advised of [his or her] rights during the DHO process;
> (2) The evidence relied on by the DHO;
> (3) The DHO's decision;
> (4) The sanction imposed by the DHO; and
> (5) The reason(s) for the sanction(s) imposed.

The DHO report prepared following Petitioner's hearing complied with the five requirements of 28 C.F.R. § 541.8(h):

(1)     Consistent with 28 C.F.R. § 541.8(h)(1), Section I of the DHO report documented that Petitioner was advised of his rights before the DHO by T. Walker, case manager on September 13, 2016.  ECF Nos. 1-1 at 9, 15-1 at 21;

(2)     Consistent with 28 C.F.R. § 541.8(h)(2), Section III of the DHO report documented the evidence relief upon by the DHO, specifically, Petitioner's statement, "I admit to fighting", a violation of code 201.  Id.  Section V of the DHO report further documented that the DHO found Petitioner "committed the prohibited act of Fighting with Another Person, Code 201.  The DHO dropped the charge of Assault, Code 224,

14

due to Code 201 being deemed more appropriate."   Id.   The DHO further relied upon the written statement of the reporting staff member, SIS Technician, R. Dean, included in the Incident Report and which stated that "a review of the video surveillance revealed [Petitioner] among other inmates, striking each other in the facial and lower body areas on September 6, 2016."   ECF Nos. 1-1 at 10, 15-1 at 22.   Section V of the DHO reported concluded, "[t]herefore, based on your own admission of guilt, the Supporting Memorandums, and the staff account of the incident, the DHO finds that some facts do exist to show you committed the prohibited act of Fighting with Another Person, Code 201, and sanctioned you accordingly."   Id.;

(3)     Consistent with 28 C.F.R. § 541.8(h)(3), Section IV of the DHO report documented the DHO's decision, that a violation of section 201 was committed.   ECF Nos. 1-1 at 9, 15-1 at 21;

(4)     Consistent with 28 C.F.R. § 541.8(h)(4), Section VI of the DHO report documented the sanction imposed by the DHO, specifically the disallowance of 27 days of good conduct time, 10 days of disciplinary segregation, and 3 months of telephone restriction.   ECF Nos. 1-1 at 11, 15-1 at 23; and

(5)     Consistent with 28 C.F.R. § 541.8(h)(5), Section VII of the DHO report documented the reasons for the sanction imposed, including that "to become involved in a fight with any inmate or person poses a threat to the health, safety, and welfare of not only himself, but all other inmates and staff within the institution. . . . The sanctions imposed by the DHO are to let you know that you and you alone, are responsible for

your actions. . . . The Disallowance of Good Conduct Time sanction was imposed to comply with mandatory sanctioning guidelines for PLRA inmates." Id.

Petitioner claims he received insufficient notice of a violation of section 201, for fighting, despite receiving notice of a violation of section 224, for assault against any person, which describes Petitioner as being a participant in a fight.   In support of his argument, Petitioner cites to Wolff v. McDonnell, 418 U.S. 539 (1974), which held that an inmate facing disciplinary conviction resulting in the loss of good conduct time was entitled to: (1) written notice of the claimed violation at least 24 hours prior to the disciplinary hearing; (2) "a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken"; and (3) the right "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." 418 U.S. at 564 – 66.   However, the DHO complied with all the requirements of Wolff.   First, Petitioner received written notice of the claimed violation on September 8, 2016.   ECF Nos. 1-1 at 9, 15-1 at 21.   The disciplinary hearing was held on September 26, 2016, eighteen days after Petitioner received written notice of the violation.   Second, the DHO report provided to Petitioner on October 4, 2016, constituted the required written statement of the DHO regarding the evidence relied upon and the reasons for the disciplinary action taken.   ECF Nos. 1-1 at 11, 15-1 at 23.   Third, section III of the DHO report confirms that Petitioner had an opportunity to present witnesses or documentary evidence, although he "requested no witnesses" and "stated he was ready to proceed." ECF Nos. 1-1 at 9, 15-1 at 21.   In addition to complying with the requirements of Woolf,

the DHO and BOP officers complied with the provisions of 28 C.F.R. § 541.1 *et seq.* Petitioner's claim that the DHO failed to comply with Woolf is without merit.  Petitioner argues here, and previously argued in his regional appeal, that his lack of notice of a violation of Code 201 prevented him from having "the opportunity to call witnesses and present documentary evidence in [his] defense."   ECF Nos. 1-1 at 7, 16-1 at 8. However, Petitioner fails to identify the witnesses or evidence he would have presented if given notice of a Code 201 violation.   A similar argument was soundly rejected in Burgess v. Dunbar, 628 Fed.Appx. 175, 176 (4th Cir. 2015), where the United States Court of Appeals for the Fourth Circuit wrote that "given Burgess's lack of evidence regarding: the witnesses he would have called at the disciplinary hearing, the content of their testimony, and the nature of any non-testimonial evidence he would have presented, his claim challenging Respondent's alleged denial of his right to call witnesses and present evidence provides no basis for vacating the district court's judgment."

Moreover, Petitioner's claim that his conviction for a violation of section 201 resulted in a good conduct penalty greater than would have been imposed for a section 224 violation is patently inaccurate and false.   28 C.F.R. § 541.4(b) imposes a mandatory minimum loss of 27 days of good conduct time for any high severity level offense.   Because violations of section 201 and 224 were both high severity level offenses, the same mandatory minimum penalty would have been imposed for a commission of either offense.

Viewing this matter upon the pleadings filed by the parties, the Respondent has shown that there is no genuine issue of any material fact regarding: (1) the appropriate notice provided to Petitioner: (2) the appropriate finding made by the DHO; and (3) the appropriate sanction imposed in the disciplinary process.  The record taken as a whole could not lead a rational trier of fact to find for the Petitioner.  Accordingly, the Respondent is entitled to summary judgment as a matter of law.

### B.  Petitioner's Claim Regarding His Conditions of Confinement is Inappropriate for Disposition Under 28 U.S.C. § 2241

Petitioner claims that staff at FCC Yazoo City violated both internal policies and his Constitutional rights when for five hours he was held without his shoes or a belt in a "cage" in the Special Housing Unit ("SHU") following the September 6, 2016 fight, and for an additional five hours in the R&D department.   However, it has long been established that inmate claims related to the conditions of confinement, but not to the fact or length of custody, are appropriately made in a civil rights actions.  Preiser v. Rodriquez, 411 U.S. 475, 499- 500 (1973).  Accordingly, Petitioner's claims related to his conditions of confinement fail to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 2241, and accordingly merit dismissal.

### C.  Petitioner's Other Claims

Petitioner further complains that he did not receive the Administrative Detention Order ("ADO") report within 24 hours of the writing of the incident report, and that he did not receive a Segregation Review Official ("SRO") review while held in the SHU.  Id. However, Petitioner does not explain how either of these alleged violations of BOP policy constitute a violation of his Constitutional rights, or how he was prejudiced, if the

alleged violations occurred.   The Petition fails to provide a short or plain statement of these claims which show that Petitioner is entitled to relief.   Pursuant to <u>Twombly</u>, <u>supra</u>, Petitioner is required to provide more than labels and conclusions to assert a cause of action.   However, the allegations made by Petitioner do not raise a right to relief above the speculative level.   Accordingly, these claims are appropriate for dismissal.

## V.  RECOMMENDATION

Based on the foregoing, this Court recommends that the Petitioner's § 2241 petition [ECF No. 1] be **DENIED and DISMISSED WITH PREJUDICE**.

This Court further recommends that the Respondent's "Motion to Dismiss, or, in the Alternative, for Summary Judgment" [ECF No. 14] be **GRANTED**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.   A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.   Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.   28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985);   <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:      April 9, 2018


ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

20